IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LYNN NORWOOD,

    Plaintiff,                        No. CIV S-03-2554 GEB GGH P

    vs.

EDWARD ALMEIDA, JR., et al.,

    Defendants.                 <u>ORDER</u>

_____/

       Plaintiff has once again requested an extension of time to file a motion to compel discovery with respect to all defendants with the exception of the recently served defendant Pliler, for whom he has previously been granted 60 days from the date of service to file any motion to compel discovery. Plaintiff has not served this request.

       Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Documents not to be served electronically are usually served by placing a copy in the U.S. mail. If an attorney has filed a document with the court on behalf of any defendant, then documents submitted by plaintiff must be served on that attorney and not on the defendant. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed. <u>See</u>

Local Rule 5-135(b) and (c).

Moreover, plaintiff has previously been granted generous extensions of time related to discovery in this action. See Orders filed on August 30, 3005, October 25, 2005 and December 1, 2005. A waiver of service was filed by defendant Pliler on December 7, 2005, indicating that service was waived on her behalf on November 9, 2005, and defendant Pliler, on December 23, 2005, joined in the answer filed previously by the other defendants on August 25, 2005. Thus, plaintiff's motion to compel discovery with respect to defendant Pliler is due on January 6, 2005. The court has, by order filed on January 4, 2006, granted defendants' request to extend the dispositive motions deadline (applicable to all parties), until February 21, 2006.

The court will grant plaintiff, despite his having failed to serve the request properly, one final extension of time to file all of his motions to compel, including any motion to compel with respect to defendant Pliler, until February 1, 2006. There comes a point when vacating set court calendar deadlines poses an inordinate impediment to judicial efficiency and economy, and that point has, in this case, been exceeded. There will be no further extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's unserved request, filed on December 27, 2005, for an extension of time is partially granted;

2. Plaintiff is granted until February 1, 2006, in which to file and serve any motion to compel as to any and all defendants;

3. There will be no further extension of time; and

3. Plaintiff is cautioned that failure to properly serve any documents subsequently filed in this action, and failure to include a proper certificate of service with such filing, may result in a recommendation that this action be dismissed.

DATED: 1/10/06                              /s/ Gregory G. Hollows

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

GGH:009 - norw2554.req