IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD
        PLAINTIFF

us

EDWARD ALAMEIDA Jr et al
        DEFENDANTS

CASE NO# CIVS-03-2554 GEB GGHP

'' PLAINTIFFS TRIAL BRIEF ''

# FILED

OCT - 9 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

'' PLAINTIFFS TRIAL BRIEF ''

POINTS AND AUTHORITIES

PAGES

ALLEN US SAKAH  48 F3d  1083                    (8)

COLEMAN US WILSON   912 F SUPP 1282          (1)

DELANEY US DETELLA   256 F3d  686             (6)

CATO US RUSHEN    824 F2d  703 (4th cir 1987) (9)

GUITTEREZ US MUNICIPAL COURT 838 F2d 1031, 1048) (6)

HOPTOWIT US RAY  682 F2d  1237 (4th cir 1982) (8)

LOPEZ US SMITH  203 F3d 1122                  (8)

MAY US BALDWIN  109 F3d  557                  (8)

MENDOZA US MILLER  779 F2d 1287  (7th cir 1985) (10)

SPAIN US PROCUNIER 600 F2d  189   (9th cir 1979) (6)

TOUSSAINT US MCCARTHY    597 F SUPP  (1984)   (9)

TOUSSAINT US YOCKEY 722 F2d 1490   (9th 1994)  (9)

LABATT US TWOMBY   513 F3d 641 (7th cir 1975)

(1)

1  WILSON US SEITER 501 U.S. 294, 115 Led2d 271,   (6)
2  III SCt 2321.     (1991)
3
4  ZIMMERLEE US KEENEY 831 F2d 186 (9th cir 1987) (9)
5
6
7  STATUTES, CALIFORNIA CODE OF REGULATIONS
8
9  SECTIONS
10
11  ① 3322 (C)
12  ② 3330 (e) (6)                                    (7)
13                                                    (7)
14  ③ 3333 (a)                                        (7)
15  ④ 3335 (a)
16
17  ⑤ 3331 (H)                                        (9)
18
19  ⑥ 3335 (a)                                        (9)
20  ⑦ 3335 (C)
21
22  ⑧ 3338 (A)                                        (7)
23
24  ⑨ 3343 (h)
25  ⑩ 3378 (A)                                        (10)
26
27  ⑪ 3378.1 (A)
28  ⑫ 3300

②

On approximately June 13, 1993 plaintiff arrived at CSP-SAC Sacramento formerly called New Folsom State prison. on the day of his arrival Plaintiff was placed in administrative segregation pending an investigation into allegations made that he was a member of the prison gang Black guerrilla family (B.G.F.). plaintiff knew this allegation to be meritless. Because he was housed in the Los Angeles County Jail System for approximately two and one half years (2 1/2) years. After spending approximately 1 1/2 to 2 months in administrative Segregation. plaintiff was Placed in general population on CSP-SAC B facility. with cells dayrooms, kitchens and mini concrete yard exactly the same.

There was basically Segregation among the different races Black, white, hispanics indians, any race not classified as black, white, hispanic or indian is considered "other"

Whites function as in a one entire group, white hispanics are Segregated by southern hispanics or mexican nationals. Black inmates are classified by their affiliation crip, blood, 415 or non affiliate Plaintiff is classified as a black non affiliate.

The defendants lockdown inmates by their racial group.
Because violence is so rampant at CSP-SAC B facility.
A lockdown of uninvolved groups would mean that the entire general population would virtually be lockeddown most of the year

①

Case 2:90-cv-00520-KJM-DB Document 36 Filed 06/04/07 Page 5 of 48

On January 4, 2002 a lockdown of the entire general population was instituted at B facility. Rumors quickly spread that the lockdown was imposed because of a staff assaults involving hispanic inmates. And although memorandums usually specify the reason for the lockdowns imposition, naming the involved group. But the memo's passed out to inmates throughout the lockdown only stated that the staff assaults involved staff and inmates in general. Throughout the lockdown privileges were taken such as kitchen privileges, dayroom privileges, tobaccoitems and shaving razors. Staff told inmates that everytime a staff member was hurt Inmates would have privileges taken, I asked different (MTA's) medical technicians was it normal for an inmate to have headaches based on stress, anxiety and muscle cramps on long lockdowns. They stated that they have heard of it, I asked that if I went to the doctor what medication would the doctor give me. They stated probably motrin or tylenol, So there were inmates who had motrin already in there cells, who gave me some motrin or ibuprofen, The lockdown was very harsh as inmates complained to inmate Tatum was was housed in our housing block and in the same section we were, Tatum was a M.A.C. representator Mens advisory committee. Tatum was told by plaintiff about the headaches, stress and depression because of the lack of fresh air,

(2)

Tatum told plaintiff that he would file a grievance on behalf of black inmates. The lockdown concluded March 26, 2002 for plaintiff who was called to his job assignment as a critical worker.

On May 8, 2002 another lockdown was imposed at B facility of the entire general population, because of an alledged staff assault in dining hall four by a inmate. Inmates again, spoke to inmate Tatum about why non affiliated black inmates were on lockdown for a obvious isolated incident involving a Crip disruptive group member, when usually only crip inmates would have been placed on lockdown. This question was also posed to staff by inmates, who stated that inmates should "Check their own" when asked to elaborate on what that statement meant, Michael Israel a MAC representator was told that if inmates did not do whatever was necessary to prevent staff assaults, then everyone would pay the consequence of a lockdown. Those statements are consistent with the actions taken by officials by lockingdown all black inmates. when normally only the involved group would be lockeddown Plaintiff suffered headaches, stress, depression and muscle cramps because of lack of activity. The lockdown was over July 31, 2002 for black non affiliated inmates

(3)

On December 28, 2002 black crip affiliated inmates were involved in a melee with correctional staff on the main exercise yard, in which several staff members were assaulted with weapons. Black inmates were deprived outdoors exercise up until May 15, 2003. I was housed in 7 block and a black inmate in the cell below me was taken to administrative segregation for allegedly threatening floor officer Bruschett. The inmates cellmate was taken to administrative segregation on December 28, 2002 for his alleged involvement in the melee involving correctional staff on the main exercise yard. It was obvious staff was irritable over the melee. Plaintiffs cellmate and inmates in the housing blocks filed 602 grievances concerning the lockdown. They were denied based on safety and security. During the lockdown plaintiff suffered headaches, stress, anxiety, depression and muscle cramps

On September 3, 2003 a crip affiliated inmate assaulted a correctional officer in housing block four. The assault occurred while crip affiliated inmates were locked down on August 28, 2003 because alledged they received information that crips planned an assault within the facility. The lockdown concluded November 3, 2003 for plaintiff a non affiliated inmate

Throughout the January 1, 2002 lockdown privileges were taken which did not involve the reason for the staff assaults. Inmates were told that, that everytime staff was assaulted a privilege would be taken. Dayroom privileges were taken along with smoking tobacco, shaving razors as well.

After the May 1, 2002 Staff assault inmates were told that if they were culinary workers and was found guilty of any disciplinary infraction involving alcohol possession, manufacturing or intoxication. Then we would be intoxicated ourselves out of a Job by termination

During the December 28, 2002 lockdown my cellmate Dante Polk was paid a visit by his instructor as he was assigned to a vocational trade in prison industry authority (P.I.A.) He was told that P.I.A. was being taken from B facility because of the last three lockdowns (P.I.A.) has proven to be unproductive.

During the September 3, 2003 . lockdown all canned food items were discontinued for inmates to purchase through the inmate Canteen)

1 │ GUITTEREZ VS MUNICIPAL COURT 838 F2d 1031 (9th cir 1988)
2 │ States that the defendants are charged with knowledge of
3 │ all decisional and constitutional law, So that the defendants
4 │ cannot alledge that they did not know that plaintiff had a
5 │ constitutional right to outdoors exercise being fresh air
6 │

7 │ DELANEY VS DETELLA 256 F3d 686

8 │ Shows that as long as they know plaintiff had a right to outdoors
9 │ exercise by all the relevant caselaw of SPAIN, TOUSSAINT
10 │ that deliberate indifference is shown even when the defendants
11 │ knew the harm could befall inmates, without possessing
12 │ knowledge that harm would befall a specific inmate
13 │

14 │ SPAIN VS PROUNIER 600 F2d 189    9th cir
15 │ States that plaintiff has a constitutional right to outdoors
16 │ exercise, being fresh air. outdoors exercise is conducive to
17 │ a inmates physical and psycological well being
18 │ cost or inconvenience is no excuse for imposition of a cruel
19 │ punishment
20 │ WILSON VS SEITER 501 US. 294. 111 SCt 2321, 115 Led2d 271
21 │ Outdoors exercise is a basic human need and long term denial
22 │ is violative of plaintiffs eighth amendment right to be free from
23 │ cruel and unusual punishment
24 │
25 │
26 │
27 │
28 │

(6)

1  SPAIN US PROCUNIER 600 F2d 189 9th Cir 197

2  Outdoors exercise is necessary and conducive to physical and psycological

3  well being

4  Title 15 3338(a)

5  States that an inmate must be classified no more then 10 days

6  after his arrival in segregation

7  Plaintiff who was once a segregated inmate will testify that this

8  mandate is consistent to title 15 3333(a), which states

9  that an inmate may not be confined more then 10 days in a 35

10  day intermittant and section 3322(c) which also states that even

11  in general population no inmate can be confined to quarters more

12  then 10 days without the directers approval

13  under the caselaw of Coleman US wilson 912 FSupp 1282

14  Psychiatric technicians were assigned to the segregated units that

15  the defendants maintain at CSP-SAC Sacramento. And it is

16  mandated that two days after an inmates arrival in segregation a

17  psych tech has to pay a visit to him. Although he is afforded

18  Outdoors exercise a mandatory 10 hours a week and visits.

19  Plaintiff will also show that title 15 3330(6) that any inmate

20  Confined to quarters more then 30 days must be given a psycological

21  evaluation, which means that a personal interview must be conducted

22  by a psychiatrist for each inmate so confined, which means that

23  the defendants know that harm could befall any inmate so confined.

24  And obviously dont care because each of the four lockdowns involves

25  a deprivation lasting two to four times greater then 30 days

26

27  ⑦

28

And even if the defendants action were provided the most generous of liberality caselaw shows in May vs Baldwin 109 F2d 557 9th cir the plaintiff must complain to show deliberate indifference if the deprivation occurs within 3-5 weeks, because it is considered short term. But Allen vs Sakai 48 F3d 1083 9th cir

States that a deprivation occurring Six weeks or more is considered long term. And that is the most generous provision given the defendants. by any caselaw

And according to Lopez vs Smith 203 F3d 1122.

That if the defendants doesnt provide outdoors exercise opportunities within Six and one half (6 1/2) weeks then plaintiff does not need to show that he has been adversely effected. Because 6 1/2 weeks Supercedes any time allotment given to defendants by title 15 3330(6), or Allen vs Sakai

And even if the defendants believe that the 30 day time allotment governed by title 3330(6), were 30 working days, Six and one half weeks construction Supercedes that 30 working day provision

If the defendants alledge that the time allotments provided by law does not state any specific form of custody (Hoptowit vs Ray 602 F2d 1237) (9th cir 1982) States that the ninth circuits analysis of lockdowns are like their analysis of isolation, protective custody and other forms of Segregation. And even on lockdowns the defendants must maintain eighth amendment standards

(8)

(Title is 3331(h), states that the defendants must provide
outdoors exercise one hour a day, five days a week
consistent with the holding of (Toussaint us McCarthy 597 FSupp
1388) states that inmates in segregation must be given yard
in the following allotments
five days a week, one hour at a time.
four days a week for two hours at a time
three days a week for ten hours total
(Toussaint us Yockey 722 F2d 1490)
states that double celling engenders violence, tension and psychiatric
problems during all relevant times of the four lockdowns plaintiff
was double celled.
(Title is 3335(a)
states that if an inmate presents a threat to the safety and /or
security of the institution or staff or inmates he shall be
placed in administrative segregation which means that if any
specific inmate was known to the defendants he would have been
placed in administrative segregation
(Toussaint us McCarthy 597 FSupp 1388)
states that any information given to prison officials could be
unreliable. As it could be given for reasons that is manipulative
and self serving (Zimmerlee us Keeney 831 F2d 186)
A bald assertion by a unidentified person, without more
cannot constitute some evidence of guilt (Cato us Rushen
824 F2d 703) (9th cir 1983) (Wolff us McDonnell 418 U.S. 539
94 SCt 2963) (1974) states that the information provided
to officials must state specifically who was involved

(9)

MENDOZA VS MILLER 779 F2d 1287

States that when a informant provides information concerning another inmate the informant must undergo a screening process to prove that he is actually reliable. This process is necessary to prevent the prison officials from making false charges against inmates

3378 title 15

States that critical case information of inmates are their prison gangs or disruptive groups. Any documented enemies. debriefing information

Disputed evidentiary issues anticipated at trial

① plaintiff seeks to present regulations governing the policies that govern CSP-SAC Sacramento Segregation housing units. The defendants plan to challenge the evidence as irrelevant and inadmissible at trial

② Plaintiff plans on presenting evidence that CSP-SAC B-facility discontinued shaving razors and tobacco products to punish inmates, because of the staff assaults. The defendants plan on challenging this evidence at trial as irrelevant and inadmissible

③ plaintiff seeks to present evidence that medical and mental health staff were insufficiently staffed at CSP-SAC B facility. The defendants seeks to challenge this evidence as irrelevant and inadmissible

(10)

(4) Plaintiff will present evidence at trial of any cover-up and code of silence by correctional officers at CSP-SAC B facility which was testified to at the trial of CSP B facility former lieutenant Stephen Scarsella who was convicted of falsifying documents, assault on an inmate. In which he was sentenced to prison. The defendants will challenge this evidence as irrelevant and inadmissible

(5) Plaintiff will present at trial evidence of grievances filed by inmates at CSP-SAC B facility against correctional staff who's complaints were ignored and no matter how credible the complaints or how corroborated. And in some instances, the officers actions led to assaults. The defendants will challenge the entrance of this evidence as irrelevant and inadmissible

(6) Plaintiff will present evidence that the jobs and trades that was provided by the prison industry authority (P.I.A.) to inmates at CSP-SAC B facility were taken as a result of the lengthy lockdowns caused by the staff assaults of January 4, 2002, May 8, 2002 and December 28, 2002 The defendants will challenge this evidence as irrelevant and inadmissible

(7) Plaintiff will present evidence that inmates were taken out of general population and placed in administrative segregation for anonymous letters to prison officials. the defendants will challenge this evidence as irrelevant and inadmissible

(8) Plaintiff will attempt to present evidence that each of the assaults were isolated and spontaneous. The defendants will challenge this evidence as irrelevant and inadmissible

(11)

① Plaintiff will present evidence that inmates at other institutions and prisons were not questioned or lockeddown because of the staff assaults which caused the deprivation periods at CSP-SAC The defendants will challenge this evidence as irrelevant and inadmissible

(12)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD                    02
   US        PLAINTIFF

EDWARD ALAMEIDAJR et al
        DEFENDANTS.

CASE NO #CIUS 03 2554 GEB GGH P

PLAINTIFFS PROPOSED JURY
INSTRUCTIONS FOR JUDGES CHAMBERS

Plaintiff along with the proposed Jury Instructions for Judge's
Chambers. Plaintiff reserves the right to present instructions as
may be needed to guide or assist the Jury in determining
this Case as the evidence in trial may permit or deem necessary.

These proposed Jury instructions are drafted from
The ninth circuit manuel, model Jury instructions Ciuil 1997
And request that the court itself give an instruction to the
Jury regarding excessive force by a peace officer

I DECLARE BY THE PENALTY OF PERJURY THAT
THE FOREGOING IS TRUE  Gregory Norwood 3/20/06

NINTH CIRCUIT MANUEL
MODEL JURY INSTRUCTIONS
CIVIL 1997

Federal civil rights —
Eighth Amendment —
Conditions of confinement claim —
EXCESSIVE FORCE
42 U.S.C § 1983

On plaintiffs eighth amendment conditions of confinement claim
the plaintiff has the burden of proving each of the following by
a preponderance of the evidence

1. The defendant acted with deliberate indifference;

2. The defendant acted under color of law; and

3. The conduct of the defendant caused harm to the plaintiff

To establish deliberate indifference, plaintiff(s) must prove that
the defendants knew that plaintiff faced a substantial risk
of serious harm and disregarded that by failing to take reasonable
measures to correct it

5.4    Elements of proof
    On plaintiffs eighth amendment deliberate indifference claim
    the plaintiff has the burden of proving each of the following
    by a preponderance of the evidence
    1. That he was denied a basic human need, being Safety
    2. That the defendants knew and didnt care of the
        injury that could befall inmates

Pages 1of 8

①

If you find that each of these things has been proved
against a defendant, your verdict should be for the plaintiff
and against the defendants on each of the claims
on the other hand, if any of these things has not been proved
against a defendant, your verdict should be for that defendant
on each of the claims

②

# DIRECT AND CIRCUMSTATIAL EVIDENCE   3.6

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence

The law makes no distinction between the weight to be given to either direct or circumstantial evidence It is for you to decide how much weight to give any evidence

3 of 8

(3)

2.11

## USE OF INTERROGATORIES OF A PARTY AND DEPOSITIONS

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories DEPOSITIONS submitted by the other side. These answers have been giving in writing and under oath, before the actual trial in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand

4 of 8

(4)

2.4

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proving

United States US Houston
547 F2d 104, 107 (9th cir 1976)

(5)

1.4                                            CIVIL INSTRUCTIONS

EVIDENCE FOR LIMITED PURPOSES

Some evidence may be admitted for a limited purpose only,
When I instruct you that an item of evidence has been
admitted for a limited purpose, you must consider
It only for that limited purpose and for no other
reason.

As a rule limiting instructions need only be given when
requested and need not be given sua sponte by
the court   United States vs McLennan 563 F2d 943,
947-48 (9th cir 1977)

6                                              6 of 8

# 7.5 PUNITIVE DAMAGES 7.5

If you find for plaintiff, and if you award compensatory damages or nominal damages, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendants conduct was malicious, or in reckless disregard of plaintiffs rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiffs rights if, under the circumstances, it reflects complete indifference to the safety and rights of others. If you find that punitive damages are appropriate, you must use reason in setting the amount sufficient to fulfill their purposes, but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages you may consider the degree of reprehensibility of the defendants conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

7 of 8

(7)

you may impose punitive damages against any one or all of the defendants and not others and may award different amounts against different defendants

Punitive damages may be awarded even if you award only nominal and not compensatory damages.

DAMAGES   7.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar

Plaintiff requests that the court give its

own instruction on compensatory damage

Plaintiff also seeks general damages against defendants in the amount according to proof

Plaintiff also seeks further relief that the court deems proper

8 of 8

VIOLATION OF PRISONER'S
Federal Civil rights —
Eighth Amendment —
Conditions of confinement claim —
EXCESSIVE FORCE
42 U.S.C § 1983

NINTH CIRCUIT MANUEL
MODEL JURY INSTRUCTIONS
CIVIL 1997

Case 2:03-cv-02554-GEB-GGH   Document 135   Filed 10/09/07   Page 25 of 48

On plaintiffs eighth amendment conditions of confinement claim, the plaintiff has the burden of proving each of the following by a preponderance of the evidence

1. The defendant acted with deliberate indifference;

2. The defendant acted under color of law; and

3. The conduct of the defendant caused harm to the plaintiff

To establish deliberate indifference, plaintiff(s) must prove that the defendants knew that plaintiff faced a substantial risk of serious harm and disregarded that by failing to take reasonable measures to correct it

5.4   Elements of proof
   On plaintiffs eighth amendment deliberate indifference claim, the plaintiff has the burden of proving each of the following by a preponderance of the evidence
   1. That he was denied a basic human need, being Safety
   2. That the defendants knew and didnt care of the injury that could befall inmates

Pages 1 of 8

①

If you find that each of these things has been proved against a defendant, your verdict should be for the plaintiff and against the defendants on each of the claims

on the other hand, if any of these things has not been proved against a defendant, your verdict should be for that defendant on each of the claims

## DIRECT AND CIRCUMSTATIAL EVIDENCE   3.6

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence

The law makes no distinction between the weight to be given to either direct or circumstantial evidence It is for you to decide how much weight to give any evidence

3 of 8

③

2.11

## USE OF INTERROGATORIES OF A PARTY AND DEPOSITIONS

Evidence is now to be presented to you in the form of answers of one of the parties to written DEPOSITIONS Interrogatories submitted by the other side. These answers have been giving in writing and under oath, before the actual trial in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be Judged as to Credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the Witness Stand

2.4

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have
been stated to you. You should therefore treat
these facts as having been proving

United States US Houston
547 F2d 104, 107 (9th Cir 1976)

(5)

1.4

Civil Instructions

## EVIDENCE FOR LIMITED PURPOSES

Some evidence may be admitted for a limited purpose only.
When I instruct you that an item of evidence has been
admitted for a limited purpose, you must consider
it only for that limited purpose and for no other
reason.


As a rule limiting instructions need only be given when
requested and need not be given sua sponte by
the court    United States vs McLennan 563 F2d 943,
947-48 (9th cir 1977)

(6)

If you find for plaintiff, and if you award compensatory damages or nominal damages, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendants conduct was malicious, or in reckless disregard of plaintiffs rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiffs rights if, under the circumstances, it reflects complete indifference to the safety and rights of others. If you find that punitive damages are appropriate, you must use reason in setting the amount sufficient to fulfill their purposes, but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages you may consider the degree of reprehensibility of the defendants conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff

you may impose punitive damages against any one or all of the defendants and not others and may award different amounts against different defendants

Punitive damages may be awarded even if you award only Nominal and not compensatory damages.

DAMAGES  7.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of Nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award Nominal damages Nominal damages may not exceed one dollar

Plaintiff requests that the court give its own instruction on compensatory damage

Plaintiff also seeks general damages against defendants in the amount according to proof

Plaintiff also seeks further relief that the court deems proper

8 of 8

GREGORY NORWOOD
    PLAINTIFF

CASE NO#CIVS-03-2554 GEBGGHP

EDWARD ALAMEIDA, et al
    DEFENDANTS

PLAINTIFFS JURY
INSTRUCTIONS FOR
JURY CHAMBERS

Plaintiffs Jury instructions and voir dire questions
for jury use

Y NORWOOD
       PLAINTIFF

vs

EDWARD ALAN NEIDAJR et al
        DEFENDANTS

CASE NO# C IVS 03 2554 GEB GGH P

PLAINTIFFS VOIR DIRE
        QUESTIONS

Questions of Voir Dire that plaintiff request be asked of the Jury

(1) Although plaintiff is an inmate do you believe that you can be fair and impartial?

(2) Do you believe that the testimony of an inmate should be given less weight then that of a correctional official?

(3) or do you believe that you should weight out the evidence before you decide?

(4) Do you believe that prisoners who have been convicted of crimes have rights

(5) Do you believe that because a person has a position of authority that he is always telling the truth?

(6) Do you believe that when a person has been placed in a position of authority, that he or she should know all the laws which governs that authority?

l

Ⓘ

1 of 2 pages

Do you believe that confining inmates to their cells twenty four hours a day, seven days a week for months at a time is punishment

8) Do you believe that total confinement to a cell for months at a time could psycologically damage a person?

9) Do you believe that a person in authority should know Conscientiously that it is harmful to keep a human being Confined to a cell 24 hours a day, seven days a week for months at a time?

10) When a person in authority knows that a law exists which states how long a inmate can be totally confined to a cell yet he or she does not inquire of it, would you believe that it would be the same as not caring that the law exists?

11) Do you believe that their are some inmates who are released from prison who are rehabilitated

12) Do you believe that there are some inmates who are released from prison who can be rehabilitated?

I Declare that by the penalty of perjury that the foregoing is true and correct   Elygg Mawood  3/20/06

2 of 2 pages

②

GREGORY NORWOOD
      PLAINTIFF
  VS
EDWARD ALAMEIDA JR et al
      DEFENDANTS

CASE NO# CIVS 03 8554 GEB GGH P

MOTION IN LIMINE
MOTION TO WEAR PERSONAL CLOTHIN
DURING TRIAL

Plaintiff is a pro se litigant and request this court to liberally construe his request that he be allowed to wear his personal clothes or have personal clothes provided by the court buildings lost and found. As to wear prison clothes (Garb) would Prejudice the Jury against plaintiff. It would be equivalent to the outlook of prejudice of plaintiff being shackled in the presence of the Jury. As It may deter the Jury or distract the Jury from the evidence that will be presented

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

*Gregory Norwood* 8/10/07

(1)



GREGORY NORWOOD
        PLAINTIFF

VS

EDWARD ALAMEIDA, et al
        DEFENDANTS

CASE NO# CIVS 03 2554 GEB GGH P

MOTIONS IN LIMINE
MOTION TO PREVENT THE JURY
FROM DISCUSSING THE EVIDENCE
UNTIL DELIBERATIONS

Plaintiff who is a pro se litigant and without any caselaw ask this court to liberally construe plaintiffs request that the jury not be allowed to discuss with each other the evidence adduced at trial, the claims adduced at trial or the defenses adduced at trial until the close of plaintiffs final argument. As by discussing previous to final arguments it could wrongly persuade or influence the jurors ability to make their own decisions

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Gregory Norwood   8/10/07



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD

US    PLAINTIFF

CASE NO. IF CIVS 03-2554 GEB GGH P

EDWARD ALAMEIDA et al

DEFENDANTS

MOTION IN LIMINE
MOTION TO PREVENT WITNESSES
FROM DISCUSSING TESTIMONY,
EVIDENCE UNTIL FINAL ARGUMENTS

PLAINTIFF IS A PRO SE LITIGANT AND ASK THIS COURT TO LIBERALLY CONSTRUE PLAINTIFFS REQUEST THAT WITNESSES BE PREVENTED FROM DISCUSSING THEIR TESTIMONY OR THE TESTIMONY OF OTHERS BASED ON THEIR PERSONAL KNOWLEDGE, OR WHAT THE EVIDENCE MAY ENTAIL, AS IT COULD WRONGFULLY INFLUENCE THEIR OWN TESTIMONY OR THE TESTIMONY OF OTHERS

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Gyes Narood (3)                    8/10/07

GREGORY NORWOOD
   VS   PLAINTIFF

EDWARD ALAMEIDA JR et al
    DEFENDANTS

CASE#FCIVS 03 2554 GEB GGH P

MOTION IN LIMINE
MOTION TO READ TO JURY
ALL LAW RELEVANT TO CLAIMS
AND DEFENSES

Plaintiff is a pro se litigant and request this court to liberally
Construe plaintiffs request to allow the Jury to utilize law relevant
to the claims and defenses. As it will serve only to assist
and guide the Jury who may well be layman of law.

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT

    Gregory Norwood   8/10/07   (4)   4

GREGORY NORWOOD
PLAINTIFF
VS
EDWARD ALAMEDA JR et al
DEFENDANTS

CASE NO # CIVS032554 GEB GGH P

MOTION IN LIMINE
MOTION TO EXCLUDE WITNESSES
FROM COURTROOM

Plaintiff is a pro'se litigant and request that this court liberally construe his request to exclude witnesses from the courtroom who would subsequently testify, because their presence could influence the testimony of other witnesses and they could also be influenced to give induced testimony

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Gregory Norwood  8/10/07   (5)      5 

GREGORY NORWOOD
          PLAINTIFF

VS

EDWARD ALAMEIDA Jr et al
          DEFENDANTS

CASE NO# CIVS 03 2554 GEB GGH P

MOTION IN LIMINE
MOTION TO PREVENT PAST PRISON
DISCIPLINARY HISTORY

Plaintiff is a pro se litigant without caselaw citations or legal authorities, but request that this court liberally constri Plaintiffs request that all previous, past prison disciplinary infraction be excluded as evidence at trial. As none of the four deprivation Periods were caused by plaintiffs misconduct. It would only tend to prejudice the jury against plaintiff and confuse issues which are pertinent to the relevant claims and defenses. As they have no probative value

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT
          Gregory Norwood  8/10/07

⑥



FOR THE EASTERN DISTRICT OF CALIFORNIA

ELDORA NORWOOD
   PLAINTIFF

  vs

EDWARD ALAMEIDIT JR et al
   DEFENDANTS

CASE NO # CIUS 03-2554 GEB GGH P

MOTION IN LIMINE
MOTION TO APPEAR SHACKLE FREE
AT TRIAL

Plaintiff is a pro se litigant and ask that this court liberally construe his request that he be allowed to appear shackle free throughout the trial stage, as shackles would create prejudice in the eyes of the jury as they would speculate as to plaintiffs crime and dangerousness

I DECLARE BY THE PENALTY OF PERJORY THAT THE FOREGOING IS TRUE AND CORRECT

8/10/06





IN THE UNITED STATE
FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD
US          PLAINTIFF

EDWARD ALAMEIDA JR, et al
      DEFENDANTS

CASE NO# CIVS 03 2554 WEB GGH P

MOTION IN LIMINE
MOTION TO PREVENT THE JURY FROM
HEARING PLAINTIFFS CRIMINAL RECORD

Plaintiff who is a pro se litigant and without any caselaw citations or authorities ask this court to liberally construe plaintiffs request that his criminal history not be mentioned to the Jury as it is not relevant to the claims and/or defenses raised in the petition, as it would cause undue prejudice and has no probative value

I DECLARE BY THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Gregory Norwood 8/10/06

⑧

8

GREGORY NORWOOD
vs        PLAINTIFF

EDWARD ALAMEIDA JR etal
DEFENDANTS

CASE NO # CIVS-03-2554 GEB GGHP

"MOTION IN LIMINE"
FOR INMATE TATUM TO BE PERSONALLY
PRESENT AT TRIAL

Plaintiff now motions this court seeking to have inmate Tatum
to appear personally at plaintiff's civil trial as a defense witness
As Tatum is housed at CSP-SAC Sacramento, the same location that plaintiff
will possibly be housed at during the course of trial, so there would not be
any added inconvience, And Tatum is often transported to outside medical
facilities on a monthly basis, without there be any disruptions or security
issues. As plaintiff was transferred before he could prepare inmate Tatum
for trial. Plaintiff objects to A video taped monitor of inmate Tatum
via CSP-SAC Sacramento, as the environment could be intimidating
and influence witness testimony. Also the jury would be unable
to access accurately body language or total overall demeaner
Plaintiff would be able to confer with Tatum before his testimony
is given

I declare by the penalty of perjury that the
foregoing is true and correct                  [signature] 8/14/07

(9)

GREGORY NORWOOD
   PLAINTIFF
US

EDWARD ALAMEDA Jr et al
   DEFENDANTS

CASE NO # CIVS 03-2554 GEB GGH P

MOTION IN LIMINE
"MOTION FOR JURY TO VIEW PRISON"

Plaintiff now motions the court Seeking for the Jury to view relevant locations in the prison where the assaults occurred. Inmate housing block of housing unit (4) four where the first assault occurred. they would be able to view how inmates were accessed from the cells into the kitchen. As the rotunda, mini concrete yards, main exercise yard, medical facilities, dayrooms, showers and prison industry authority vocational classes are not presented photographically in the defendants pretrial statement

I declare by the penalty of perjury that the foregoing is true and correct    Greg Norwood 8/2/07

(10)

GREGORY NORWOOD
US        PLAINTIFF

EDWARD ALAMEIDA, et al
          DEFENDANTS

CASE NO# C-US-03-2554 GEB GGHP

MOTION IN LIMINE
TO PREVENT JURY FROM HEARING
EVIDENCE OF ANONYMOUS INFORMATION

Because plaintiff sought in his pretrial statement for inmate witnesses CHISON, WHITE and DUMAS to attend trial. As they were all three taken out of general population and placed in administrative segregation because the officials at CSP-SAC B facility alledged that they received annonymous information from inmates that inmate WHITE life was threatened And that inmate CHISON threatened the life of someone else (See plaintiffs witness list at pages 13-24) of inmate witnesses). Dumas was taken out of general population and placed in administrative segregation because the officials alledged they received annonymous information that he planned to assault Staff. The magistrate Judge ruled in his pretrial order that all of the three witnesses testimony were irrelevant to the claim of outdoors exercise. But the defendants plan on submitting into evidence testimony by correctional officers, that they received annonymous letters and/or information from inmates which had to be investigated. This practice of keeping 1000 inmates confined to

(11)

a cell, based on anonymous information. As it would be without any possibility of arbitrariness by the defendants who are adversely situated from plaintiff. Plaintiff would have no possible means of rebuttal since the witnesses have been denied. And the author of the alledged information would not be able to be cross-examined. which is a confrontation clause violation and undermines the reason for a jury to convene

(12)

_____

_____

GREGORY NORWOOD
**Plaintiff or Petitioner**

v.                                                    Case Number:

EDWARD ALAMEDA, et al                CIVS-03-2554-GEB GGHP
**Defendant or Respondent**

**PROOF OF SERVICE**

_____ /

I hereby certify that on  OCTOBER 4 ,  2007 , I served a copy of the

attached TRIAL BRIEF, JURY INSTRUCTIONS, VOIR DIRE QUESTIONS ,
MOTIONS IN LIMINE
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

envelope in the United States Mail at CORCORAN, CA .

**(List Name and Address of Each
Defendant or Attorney Served)**

COURT CLERK OF DISTRICT JUDGE
GARLAND BURRELL

501 "I" STREET  4-200
SACRAMENTO, CA
95814

Deputy district attorney
James Sobolewski
1300 "I" Street 125
PO BOX 944255
SACramento, CA
94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Name of Person Completing Service)