EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General
JAMES M. SOBOLEWSKI, State Bar No. 99559
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-6758
  Fax: (916) 324-5205
  Email: James.Sobolewski@doj.ca.gov

Attorneys for Defendants Martel, Willey, Knowles,
Goughnour, Walker, Vance, and Pliler

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **GREGORY LYNN NORWOOD,** | 2:03-cv-2554 GEB GGH P |
| Plaintiff, | **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS** |
| v. | Trial Date: October 30, 2007 |
| **EDWARD ALAMEIDA, JR., et al.,** | Time: 9:00 a.m. |
| | Courtroom: No. 10 – 13th Floor |
| Defendants. | Judge: The Honorable Garland E. Burrell, Jr. |

Defendants Martel, Willey, Knowles, Goughnour, Walker, Vance, and Pliler submit the following list of Proposed Voir Dire Questions for use in the trial of this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

1. Would the Plaintiff introduce himself?

2. Would the Defendants' counsel introduce themselves and their clients?

3. Do any members of the jury:

(a) Know the Plaintiff;

(b) Know any of the Defendants;

(c) Know Defendants' counsel;

(d) Have at this time or had in the past any business or other dealings with any of the parties or their attorney.

4. This case may take four to five days to try. Will any of you find it difficult or impossible to participate for this period of time?

5. This is an action for damages brought under the Federal Civil Rights Act. Plaintiff is seeking money damages from the Defendants based upon his claim that the Defendants violated his Eighth Amendment rights. With this information in mind:

(a) Do you have any belief that the Plaintiff should not be permitted to bring his claim;

(b) Do you have any belief that the Defendants should not be permitted to defend themselves from the Plaintiff's claim?

6. Did you have any knowledge of the facts or events in this case before walking into this Courtroom today? If so, what is the source of that information?

7. Do you have any beliefs or feelings toward any of the parties or their attorneys that might be regarded as a bias or prejudice for or against them?

8. Do you have any interest, financial or otherwise, in the outcome of this case?

9. The incidents in this lawsuit occurred at California State Prison-Sacramento. Are any members of the jury:

(a) Familiar with this prison;

(b) Ever visited, toured or been inside this prison;

    (c) Know anyone who works or has worked in this prison;

    (d) Know anyone who is or was incarcerated in this prison;

    (e) Formed an opinion about this prison – if so, what is your opinion;

    (f) How would your knowledge or opinion affect your ability to be on this jury and deliberate on this case?

10. Has anyone served as a juror or as a member of a grand jury in either federal or state court? If so,

    (a) Was it a civil or criminal matter;

    (b) Was it a federal or state court;

    (c) Generally, what type of case was it;

    (d) Without stating the result reached, did the jury reach a verdict;

    (e) How would this experience affect your ability to be on this jury and deliberate on this case?

11. If you served as a juror in a criminal trial, you may have been instructed that the burden of proof was "beyond a reasonable doubt." The Court will instruct you that the burden of proof in this case is "by a preponderance of the evidence." This is a different standard for the burden of proof. Please raise your hand if you believe you will have any difficulty applying this standard.

12. Have you, a family member, or a close relative ever been involved in civil litigation either as a Plaintiff or a Defendant? If so:

    (a) In what county or state was the lawsuit;

    (b) How long ago was the lawsuit;

    (c) What was the general nature of the lawsuit;

    (d) Was the lawsuit resolved by settlement, or did it go to trial;

    (e) Were you satisfied with the resolution of the lawsuit;

    (f) How would this experience affect your ability to be on this jury and deliberate on this case?

///

13. Have you, a family member, or a close relative ever been involved in civil or criminal litigation as a witness? If so:

    (a) In what county or state was the matter located;

    (b) How long ago was the matter;

    (c) What was the general nature of the matter;

    (d) Was the matter resolved by settlement, or did it go to trial;

    (e) Were you satisfied with the resolution of the matter;

    (f) How would this experience affect your ability to be on this jury and deliberate on this case?

14. Have you, a family member, or a close relative ever been arrested by the police? If so:

    (a) Where did the arrest occur;

    (b) How long ago was the arrest;

    (c) What was the arrest for;

    (d) Was there anything about the arrest that you feel may effect your ability to be a fair and impartial juror?

15. Have you, a family member, or a close relative had any other experiences with law enforcement officers or prison officials? If so, what were these experiences, and how would these experiences affect your ability to be on this jury and deliberate on this case?

16. Have you, a family member, or a close relative sued a peace officer for civil rights violations? If so, will those past lawsuit(s) impair your ability to give Defendants a fair trial in this case?

17. Have you, a family member, or a close relative had a dispute with a peace officer which did not result in a lawsuit? Would such dispute(s) impair your ability to give Defendants a fair trial in this case?

18. Have you read any books, or newspaper or magazine articles, about the California state prison system or the prison systems in general? If so:

///

      (a) Have you formed any opinions about the California state prison system as a result of these books or articles;

      (b) How would these opinions affect your ability to be on this jury and deliberate on this case?

19. Have you seen any television shows, films, or documentaries about the California state prison system or the prison systems in general? If so:

      (a) Have you formed any opinions about the California state prison system as a result of these shows;

      (b) How would these opinions affect your ability to be on this jury and deliberate on this case?

20. If you are selected as a juror in this case, you may not read or consider any news articles or publications about any state prison during the course of this trial? Please raise your hand if you will not be able to do this.

21. If you are selected as a juror in this case, you may not read, watch or consider any programs, news articles or films about any state prisons during the course of this trial? Please raise your hand if you will not be able to do this.

22. Are you now or have you ever been associated with any group or organization that has gone into a prison facility or had one-on-one contact with an inmate? If so:

      (a) Please explain your experiences;

      (b) How would these experiences affect your ability to be on this jury and deliberate on this case?

23. Are you now or have you ever been associated with any group or organization that is connected with the operation of jails or prisons, the treatment or prisoners, or the reform of prisons in California or elsewhere? If so:

      (a) Please explain your experiences;

      (b) Have you formed any opinions based upon this experience;

      (c) How would these experiences affect your ability to be on this jury and deliberate on this case?

24. Will the fact that correctional officers have to be around Plaintiff at all times during the trial affect your ability to serve as a fair and impartial juror?

25. Have you, a family member, or a close friend ever been incarcerated in California or elsewhere? If so:

(a) When;

(b) What facilities;

(c) For what offense?

26. Plaintiff will present his case first. Only after the Plaintiff has presented his case will the Defendants have an opportunity to present their side of the case. Please raise your hand if you cannot agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

27. Each of you will have to decide who is telling the truth. Please raise your hand if you are unwilling or uncomfortable judging a witness' credibility and making this kind of decision.

28. At the close of this case the Court will instruct you on the law. It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law. To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law. You may not substitute your own idea of what you think the law ought to be. Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

29. If you were a Plaintiff or Defendant in this case, would you want someone like yourself to be a juror?

30. Do any of you know of any reason, or has anything occurred to you during this period of questioning, that causes you to doubt that you could be a completely fair and impartial juror in this case? If there is, it is your duty to disclose the reason at this time by raising your hand so you can be recognized.

/ / /

31. My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you provide the following information:

(a) name;

(b) age;

(c) where were you born;

(d) where were you raised;

(e) what neighborhood do you live in;

(f) how long have you lived in California;

(g) are you a United States citizen;

(h) marital status;

(h) number and ages of your children;

(i) educational background;

(j) do you hold any professional licenses;

(k) did you have any military service, and your rank at discharge;

(l) your present occupation and employer;

(m) prior work history;

(n) hobbies, interests, organizations, or public expressions of your opinions;

(o) bumper stickers you have on your car, and what they say;

(p) any political activities that are public, or ever run for public office;

(q) the present and former occupation, and any military service, of your spouse or companion;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

(r) the name of the present employer of your spouse or companion;

(s) occupations and any military service of your children.

Dated: October 16, 2007

                                             Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General

*/s/ James M. Sobolewski*

JAMES M. SOBOLEWSKI
Deputy Attorney General
Attorneys for Defendants

30343831.wpd
SF2004401398

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Gregory Lynn Norwood v. Edward Alameida, Jr., et al.**

No.:   **2:03-cv-2554 GEB GGH P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 16, 2007, I served the attached **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Gregory Lynn Norwood
J-53407
California Substance Abuse Treatment Facility
C1-103
P. O. Box 5244
Corcoran, CA 93212
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 16, 2007, at Sacramento, California.

| S. Burke | /s/ S. Burke |
|---|---|
| Declarant | Signature |

30344104.wpd