EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General
JAMES M. SOBOLEWSKI, State Bar No. 99559
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-6758
 Fax: (916) 324-5205
 Email: James.Sobolewski@doj.ca.gov

Attorneys for Defendants Martel, Willey, Knowles,
Goughnour, Walker, Vance, and Pliler

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>         Plaintiff,<br><br>v.<br><br>EDWARD ALAMEIDA, JR., et al.,<br><br>         Defendants. | 2:03-cv-2554 GEB GGH P<br><br>**DEFENDANTS' PROPOSED VERDICT FORM (AMENDED)**<br><br>Trial Date:  October 30, 2007<br>Time:    9:00 a.m.<br>Courtroom:  No. 10 – 13th Floor<br>Judge:   The Honorable<br>       Garland E. Burrell, Jr. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants Martel, Willey, Knowles, Goughnour, Walker, Vance, and Pliler submit the following amended Proposed Verdict Form for use in the trial in this matter. This form was amended to remove the name of Defendant Willey from Claim Three since Defendant Willey had no responsibility related to or involvement in this claim. This form was also amended to remove the name of Defendant Pliler from Claim Four since Defendant Pliler had no responsibility related to or involvement in this claim.

Dated: October 29, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ALVIN GITTISRIBOONGUL
Supervising Deputy Attorney General

*/s/ James M. Sobolewski*

JAMES M. SOBOLEWSKI
Deputy Attorney General
Attorneys for Defendants

30348752.wpd
SF2004401398

.

We, the jury, unanimously find the following verdict on the questions submitted to us based on the preponderance of the evidence:

### CLAIM ONE

<u>Question No. 1</u>: Did Defendant Goughnour violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the first lockdown of January 4, 2002, to March 27, 2002?

Answer yes or no.

Answer: _____.

<u>Question No. 2</u>: Did Defendant Vance violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the first lockdown of January 4, 2002, to March 27, 2002?

Answer yes or no.

Answer: _____.

<u>Question No. 3</u>: Did Defendant Pliler violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the first lockdown of January 4, 2002, to March 27, 2002?

Answer yes or no.

Answer: _____.

If your answers to Question Nos. 1 through 3 are all "no," then a verdict must be returned in favor of Defendants and Plaintiff takes nothing on this claim – go to Question No. 6. If you answered "yes" to any of Question Nos. 1 through 3, then answer Question Nos. 4 and 5.

<u>Question No. 4</u>: What is the amount of compensatory damages, if any, that Plaintiff is entitled to recover as a result of the injuries he sustained on account of the deprivation of outdoor exercise during the first lockdown of January 4, 2002, to March 27, 2002?

$ _____, *or* ☐ nominal damages of $1.00.

/ / /

/ / /

/ / /

<u>Question No. 5</u>: In violating Plaintiff's Eighth Amendment right by depriving him of outdoor exercise during the first lockdown of January 4, 2002, to March 27, 2002, was the conduct of the Defendants malicious, oppressive, or in reckless disregard of Plaintiff's rights as defined in Instruction No. 25?

Answer yes or no only as to the Defendants whom you answered "yes" in Question Nos. 1 through 3.

Answer:  Goughnour  _____

Vance  _____

Pliler  _____.

## CLAIM TWO

<u>Question No. 6</u>: Did Defendant Goughnour violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the second lockdown of May 8, 2002, to July 31, 2002?

Answer yes or no.

Answer: _____.

<u>Question No.7</u>: Did Defendant Vance violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the second lockdown of May 8, 2002, to July 31, 2002?

Answer yes or no.

Answer: _____.

If your answers to Question Nos. 6 and 7 are all "no," then a verdict must be returned in favor of Defendants and Plaintiff takes nothing on this claim – go to Question No. 10. If you answered "yes" to any of Question Nos. 6 and 7, then answer Question Nos. 8 and 9.

<u>Question No. 8</u>: What is the amount of compensatory damages, if any, that Plaintiff is entitled to recover as a result of the injuries he sustained on account of the deprivation of outdoor exercise during the second lockdown of May 8, 2002, to July 31, 2002?

$ _____, *or* ☐ nominal damages of $1.00.

/ / /

Question No. 9: In violating Plaintiff's Eighth Amendment right by depriving him of outdoor exercise during the second lockdown of May 8, 2002, to July 31, 2002, was the conduct of the Defendants malicious, oppressive, or in reckless disregard of Plaintiff's rights as defined in Instruction No. 25?

Answer yes or no only as to the Defendants whom you answered "yes" in Question Nos. 6 and 7.

Answer:  Goughnour  _____

Vance  _____.

## CLAIM THREE

Question No. 10: Did Defendant Martel violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the third lockdown of December 28, 2002, to May 15, 2003?

Answer yes or no.

Answer: _____.

Question No. 11: Did Defendant Vance violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the third lockdown of December 28, 2002, to May 15, 2003?

Answer yes or no.

Answer: _____.

Question No. 12: Did Defendant Pliler violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the third lockdown of December 28, 2002, to May 15, 2003?

Answer yes or no.

Answer: _____.

If your answers to Question Nos. 10 through 12 are all "no," then a verdict must be returned in favor of Defendants and Plaintiff takes nothing on this claim – go to Question No. 15. If you answered "yes" to any of Question Nos. 10 through 12, then answer Question Nos. 13 and 14.

/ / /

1  Question No. 13: What is the amount of compensatory damages, if any, that Plaintiff is entitled to recover as a result of the injuries he sustained on account of the deprivation of outdoor exercise during the third lockdown of December 28, 2002, to May 15, 2003?

$ _____, or ☐ nominal damages of $1.00.

Question No. 14: In violating Plaintiff's Eighth Amendment right by depriving him of outdoor exercise during the third lockdown of December 28, 2002, to May 15, 2003, was the conduct of the Defendants malicious, oppressive, or in reckless disregard of Plaintiff's rights as defined in Instruction No. 25?

Answer yes or no only as to the Defendants whom you answered "yes" in Question Nos. 10 through 12.

Answer:  Martel      _____

Vance       _____

Pliler       _____.

## CLAIM FOUR

Question No. 15: Did Defendant Willey violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the fourth lockdown of September 3, 2003, to November 4, 2003?

Answer yes or no.

Answer: _____.

Question No. 16: Did Defendant Knowles violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the fourth lockdown of September 3, 2003, to November 4, 2003?

Answer yes or no.

Answer: _____.

Question No. 17: Did Defendant Walker violate Plaintiff's Eighth Amendment right by depriving him of outdoor exercise without reasonable justification during the fourth lockdown of September 3, 2003, to November 4, 2003?

/ / /

Answer yes or no.

Answer: _____ .

If your answers to Question Nos. 15 through 17 are all "no," then a verdict must be returned in favor of Defendants and Plaintiff takes nothing on this claim – sign and date this form. If you answered "yes" to any of Question Nos. 15 through 17, then answer Question Nos. 18 and 19.

<u>Question No. 18</u>: What is the amount of compensatory damages, if any, that Plaintiff is entitled to recover as a result of the injuries he sustained on account of the deprivation of outdoor exercise during the fourth lockdown of September 3, 2003, to November 4, 2003?

$ _____ , *or* ☐ nominal damages of $1.00.

<u>Question No. 19</u>: In violating Plaintiff's Eighth Amendment right by depriving him of outdoor exercise during the fourth lockdown of September 3, 2003, to November 4, 2003, was the conduct of the Defendants malicious, oppressive, or in reckless disregard of Plaintiff's rights as defined in Instruction No. 25?

Answer yes or no only as to the Defendants whom you answered "yes" in Question Nos. 15 through 17.

Answer:  Willey     _____

          Knowles    _____

          Walker     _____ .

The foreperson shall sign and date this verdict form and return it to the Court.

Dated: _____       By: _____
                                                JURY FOREPERSON

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

Case Name:   **Gregory Lynn Norwood v. Edward Alameida, Jr., et al.**

No.:   **2:03-cv-2554 GEB GGH P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business. My facsimile machine telephone number is (916) 324-5205.

On October 29, 2007 at <u>11:25 a.m.</u>, I served the attached **DEFENDANTS' PROPOSED VERDICT FORM (AMENDED)** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine. I faxed the above document as follows:

c/o Linda Young, Litigation Coordinator
Gregory Lynn Norwood
J-53407
California State Prison - Sacramento
P. O. Box 290027
Corcoran, CA 93212
Fax:  (916) 294-3072
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 29, 2007, at Sacramento, California.

| S. Burke | /s/ S. Burke |
|---|---|
| Declarant | Signature |

30348756.wpd