1  KING HALL CIVIL RIGHTS CLINIC
   CARTER C. WHITE SBN: 164149
2  U.C. Davis School of Law
   One Shields Avenue, Bldg. TB-30
3  Davis, CA  95616-8821
   Telephone: (530) 752-5440
4  Fax: (530) 752-5788
   ccwhite@ucdavis.edu
5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9  GREGORY LYNN NORWOOD,            )    NO. 2:03-cv-2554-GEB-GGH-P
                                    )
10        Plaintiff,                )    **ORDER APPOINTING COUNSEL**
                                    )    **NUNC PRO TUNC**
11 vs.                              )
                                    )
12 EDWARD ALAMEIDA, JR., et al.,    )
                                    )
13        Defendants.               )
                                    )
14                                  )
                                    )
15 _____ )

16

17

18        Upon review of Plaintiff's motion for appointment of counsel nunc pro tunc, the

19 documents on file, and the trial record, the Court finds as follows:

20        1. Plaintiff made substantial efforts to obtain legal representation and was unable to do so;

21        2. Plaintiff has previously satisfied the requirements of 28 U.S.C. § 1915(a), as found by

22 Magistrate Judge Gregory G. Hollows in an order filed March 25, 2004;

23        3. This case is of a type that attorneys in this district ordinarily do not accept without

24 prepayment of a fee;

25        4. This case is not a fee generating case within the meaning of California Business and

26 Professions Code § 8030.4(g); and

27        5.  This case has sufficient merit to warrant appointment of counsel pursuant to 28 U.S.C.

28 § 1915(e)(1) and General Order No. 230.  During trial on November 1, 2007, Plaintiff moved to

1  dismiss two defendants, including Defendant Pliler, who the trial record indicated was exposed to

2  liability.  The court responded to Plaintiff by telling him that "he should think about the motion,

3  and that court would convene on his motion at 8:45 a.m. on November 6, 2007."[1]  At the time

4  Plaintiff made his dismissal motion, it was determined that exceptional circumstances existed

5  which justified contacting counsel on the court's civil rights pro bono panel to ascertain whether

6  any attorney was available to assist Plaintiff on the motion and with other aspects of the trial (if

7  that was Plaintiff's desire), since Plaintiff showed a likelihood of success on the merits and was

8  likely to have a difficult time understanding the nuances of the deliberate indifference standard

9  applicable to his claims and articulating the evidence supporting the elements of that doctrine

10  without the assistance of counsel.  Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.

11  2004) ("In proceedings in forma pauperis, the district court may request an attorney to represent

12  any person unable to afford counsel.  The decision to appoint such counsel is within the sound

13  discretion of the trial court and is granted only in exceptional circumstances.  A finding of the

14  exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the

15  likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to

16  articulate his claims in light of the complexity of the legal issues involved.") (internal citations

17  and quotation marks omitted).

18       Therefore this court orders as follows:

19       1. The King Hall Civil Rights Clinic is appointed as attorney for Plaintiff pursuant to

20  General Order No. 230 nunc pro tunc as of November 1, 2007, and until relieved as counsel by

21  court order;

22       2. Any contemplated costs shall be handled as described in General Order No. 230.

23  Dated:  November 21, 2007

24

25  GARLAND E. BURRELL, JR.

26  United States District Judge

27

28       [1]  Trial proceedings were not conducted on November 2 or 5, 2007.

2