KING HALL CIVIL RIGHTS CLINIC
CARTER C. WHITE SBN: 164149
U.C. Davis School of Law
One Shields Avenue, Bldg. TB-30
Davis, CA  95616-8821
(530) 752-5440
Fax (530) 752-5788
ccwhite@ucdavis.edu

Counsel for Plaintiff
Gregory Lynn Norwood

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY LYNN NORWOOD**, <br><br>    Plaintiff, <br><br> vs. <br><br> **STEVE J. VANCE, et al.**, <br><br>    Defendants. | NO. 2:03-cv-2554-GEB-GGH-P <br><br> **APPOINTED COUNSEL'S EX PARTE REQUEST FOR AUTHORITY TO INCUR COSTS (expedited trial transcripts) AND REQUEST FOR PAYMENT** |

PART I

I, Carter C. White, declare:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court for the Eastern District of California, and the supervising attorney of the King Hall Civil Rights Clinic, appointed attorney of record for plaintiff in this action.

2. This request is for a written order memorializing court approval of an expenditure that it is my understanding Chief Judge Burrell already approved during the jury trial in this matter. I understand that the procedure for obtaining authority to incur costs under General Order 230 requires advance approval of expenditures. As explained herein, due to the circumstances in which this request arose, the procedure was not followed here. Nevertheless, because the expenditure was already approved, and because the expenses were included in the plaintiff's bill of costs and have not been contested, the Court should approve this request.

3. During the course of the trial of this matter, after I was appointed as counsel for plaintiff, I believed that it is was reasonably necessary to the prosecution of this civil rights action to obtain expedited rough transcripts during trial of the testimony of three defendants, Michael Martel, Cheryl Plier and James Walker. The transcripts of Martel and Plier were necessary because the Plaintiff had made a motion to dismiss these Defendants, and the only way for us properly to advise the client on this matter was to obtain a transcript because we had not been present in court during the testimony. The transcript of Defendant Walker was necessary for several reasons. Mr. Walker had become the Warden at CSP-Sacramento by the time of the trial. We needed a representative sample of the testimony of the other Defendants in the case, in order to guide any additional examination of these witnesses, and it was not feasible to order the testimony of all the witnesses (we were not able to reach the court reporter regarding this request until that afternoon of November 5, 2007, and the trial was to reconvene the next morning). Our investigation at that point had led us to information about the Sophia Curry lawsuit (correctional officer whose assault had led to the fourth lockdown at issue in the Norwood case), and we believed that Warden Walker's earlier testimony regarding the matter needed to be developed for further examination.

4. On November 5, 2007, I telephoned Kimberly Bennett, court reporter for Judge Burrell, and requested these transcripts. It is my understanding that Ms. Bennett then obtained authorization from Judge Burrell for payment of her fee for preparing these transcripts from the Court's Non-appropriated Fund. Apparently this approval was never memorialized in a written order filed with the Clerk.

5. Because the preparation of these transcripts were necessarily obtained for use in the case under 28 U.S.C. § 1920(2), Fed. R. Civ. Proc. 54(d)(1) and Local Rule 54-292(f)(3), I included them in plaintiff's bill of costs. (Doc. 156). Apparently after Ms. Bennett saw that I had included her invoice as part of the bill of costs, she did not submit it for payment to the Court. Defendants did not file an objection to the bill of costs within 10 days, and it is anticipated that the Clerk will proceed to tax and enter the costs in the near future. Local Rule 54-292[c] & (d).

//

6. Processing payment of this invoice through the Court's Non-appropriated fund will

allow timely payment to the court reporter. Even after the Clerk's entry of costs, it can take several weeks for payment to be processed through the Attorney General's office. Counsel for plaintiff will make sure that this invoice is reimbursed to the Court's Non-appropriated Fund at the time payment of the bill of costs is made.

7. The cost of these expedited transcripts was $ 603, as evidenced by the attached invoice. To date no other cost payments have been requested from the court in this case.

8. I understand and agree that all of the costs requested of, and paid by the court in this case will be reimbursed out of any recovery or settlement received for the plaintiff (in the case of this expenditure, out of payment received for the bill of costs).

9. Based upon the foregoing, I request that this court authorize the expenditure of $ 603 for the preparation of expedited rough transcripts during trial of the testimony of three defendants, Michael Martel, Cheryl Plier and James Walker.

I declare under penalty of perjury that the foregoing is true and correct and that this is executed this 18th day of December 2007, in Yolo County, California.

*/S/ Carter C. White*

_____
Carter C. White
Attorney for Plaintiff

The above expenditure is

__X_____   Approved.

_____   Disapproved.

Dated:  December 18, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

3