IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE J. VANCE; MIKE KNOWLES; THOMAS P. GOUGHNOUR; MICHAEL F. MARTEL; DAVID I. WILLEY; CHERYL PLILER; JAMES P. WALKER,<br><br>        Defendants. | 2:03-cv-2554-GEB-GGH-P<br><br>ORDER |

On December 13, 2007, Plaintiff moved for an award of attorney's fees and costs under 42 U.S.C. § 1988 ("§ 1988"). Defendants opposed the motion. Oral arguments were heard on the motion February 11, 2008.

BACKGROUND

In December of 2003, Plaintiff Gregory Lynn Norwood, a California prisoner, filed a complaint alleging, *inter alia*, that Defendants deprived him of his right to outdoor exercise in violation of the Eight Amendment to the United States Constitution. Plaintiff

1

1 represented himself pro per through the third day of trial.  Carter
2 White, supervising attorney for the King Hall Civil Rights Clinic of
3 the University of California, Davis, and two law students, Erin Haney
4 and Nagmeh Shariatmadar, were then appointed as attorney for Plaintiff
5 and represented Plaintiff for the remainder of trial.  On November 9,
6 2007, the jury returned a verdict in favor of Plaintiff, awarding
7 $11.00 in nominal damages and $39,000.00 in punitive damages against
8 six defendants.

ANALYSIS

I.  Request to Stay the Motion

Defendants "request the Court to use its inherent powers and stay Plaintiff's motion for attorney's fees until resolution of the Defendants' appeal and final determination of Plaintiff's status as the prevailing party."  (Opp'n at 2:11-13.)  However, the Supreme Court has encouraged § 1988 fee awards to be decided **before** appeals. White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 454 (1982) ("[D]istrict courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees.").  Accordingly, Defendants' request to stay the motion is denied.

II.  Market Rate for Mr. White

Plaintiff moves for "an award of market rates for Mr. White's time of at least $300 per hour, the current market rate for experience[d] counsel in the Sacramento area."  (Mot. at 7:9-10.) Defendants counter that Plaintiff's "attorney's fee rate is clearly [limited] under the [Prison Litigation Reform Act ("PLRA")]."  (Opp'n at 2:15.)  Plaintiff rejoins "[t]he Court should award Mr. White's fees at the market rate . . . rather than the lower rate suggested by the PLRA as a sanction for the trial misconduct of defendants Martel

2

and Pliler, [or in the alternative,] as an enhancement for excellent results as two other district courts have done." (Mot. at 7:18-20, 10:9-13 (citing Ginest v. Bd. of County Comm'rs, 423 F. Supp. 2d 1237, 1241 (D. Wyo. 2006); Skinner v. Uphoff, 324 F. Supp. 2d 1278, 1287 (D. Wyo. 2004).) Defendants counter Plaintiff cannot use the requested trial sanctions as a basis for exceeding the PLRA hourly rate, relying on Webb v. Ada County, 285 F.3d 829 (9th Cir. 2002).

The PLRA prescribes: in any action brought by a prisoner in which attorney's fees are authorized under § 1988 "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Plaintiff and Defendants agree that this hourly rate is $169.50. (Mot. at 11:3; Opp'n at 3:17.) In Webb, the Ninth Circuit held that an attorney's motions for fees as sanctions for contempt and discovery abuses "were directly related to [the] underlying § 1983 cause of action. . . . The purpose of the PLRA 'was apparently to curtail frivolous prisoners' suits and to minimize the costs — which are borne by tax-payers-associated with those suits.' [Therefore,] PLRA rates [apply] to fees related to [the] motions for contempt and discovery sanctions." Id. at 837 (citing Madrid v. Gomez, 190 F.3d 990, 1006 (9th Cir. 1999)). Plaintiff argues that Webb is distinguishable because it "can be viewed as an attempt to harmonize statutory and regulatory provisions, whereas in the present case the [D]efendants' bad faith conduct warrants a sanction under the court's inherent power apart from statutory provisions." (Mot. at 9:23-26.) Plaintiff's argument is unconvincing, however, because his motion for sanctions is "directly related to [the] underlying § 1983

3

cause of action."[1]  Accordingly, Mr. White is awarded fees at an hourly rate of $169.50.

Defendants argue "[t]he court should deny that portion of attorney's fees relating to preparation of the argument that the PLRA does not apply [because Plaintiff] attempt[ed] to create an argument where the law is clearly established . . . ."  (Opp'n at 10:9-14.)  The four pages in Plaintiff's brief to which Defendants refer comprises arguments regarding how reasonable fees are determined under case law and Local Rules, Mr. White's qualifications, the court's sanctioning authority, and the alleged sanctionable activities of Defendants Martel and Pliler.  (Mot. at 6:8-10:14.)  This portion of Plaintiff's brief is not frivolous; Plaintiff cited authority for his enhancement argument.  Accordingly, the fee award will not be reduced as Defendants argue.

III. Law Student Time

Defendants argue because "a law student in court cannot function independently, but must be under 'the direct and immediate supervision in the personal presence of the Supervising Attorney'" the law students' time in court is duplicative.  (Opp'n at 11:17-21 (quoting L.R. 83-181(d)(2)(B)).)  Defendants argue the students' time is also duplicative because

> [t]he two law students appeared for trial over the course of three days, November 6, 7, and 8, 2007. The sum total of the involvement of Ms. Haney occurred during the morning of November 6, 2007, when she examined a single witness, Defendant Pliler. . . . Ms. Shariatmadar examined five witnesses on November 6, 2007. . . . Thereafter, both students merely observed the trial.

---

[1]   For the same reason, an "enhancement fee" will not be awarded.

(Opp'n at 12:12-19.)[2]

"'[L]aw students who serve as clerks,' must be taken into account" in calculating reasonable attorney fees. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 286 (1989) (quoting <u>Ramos v. Laumm</u>, 713 F.2d 546, 558 (10th Cir. 1983)). Since they are not yet members of the bar, such law students must also be supervised by an attorney. This required supervision does not necessarily make law student time duplicative. Plaintiff has failed, however, to respond to Defendants' argument that the law students were merely observing the trial after they finished examining witnesses. Accordingly, Ms. Haney's time shall be reduced by 4.45 hours for time spent in trial the afternoon of November 6, 2007 and the morning of November 7, 2007. Ms. Shariatmadar's time shall be reduced by 1.45 hours for time spent in trial the morning of November 7, 2007.

IV. <u>Law Student Rate</u>

Plaintiff argues "$120 per hour is a reasonable market rate for compensation of law students." (Mot. at 11:13-14.) Plaintiff further argues the students "were uniquely qualified to participate in this project [because both] had experience working with incarcerated clients and had a working knowledge of prison operations, and [California Department of Corrections and Rehabilitation] rules and regulations [and f]ew, if any other attorneys would be able to essentially drop everything else for a one week period and complete a jury trial . . . ." (<u>Id.</u> at 11:18-24.) Defendants rejoin "[b]ased on

---

[2] Defendants also objected to time the students spent waiting for a jury verdict. (Opp'n at 12:20-28.) On February 6, 2008, Plaintiff filed a stipulation waiving "any claim to law student time during jury deliberations. This will reduce Plaintiff's claim for Ms. Haney's time by 11.6 hours, and Ms. Shariatmadar's time by 12.05 hours." (Pl.'s Stipulation Regarding Attorney's Fees ¶ 3.)

the simple issue in the case, the limited role of the law students, the lack of trial experience, and the rulings of prior district courts in similar cases, $60 per hour is a fair and reasonable rate for compensation of law students in this matter." (Opp'n at 14:8-11.)

Under § 1988(b), a court may award a "reasonable attorney's fee . . . ." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Determinations of "a reasonable hourly rate should be guided by the rate prevailing in the community for similar work performed by [law students] of comparable skill, experience and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1985). Local Rule 54-293 has incorporated the Ninth Circuit's ruling in Kerr v. Screen Actors Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1997), to establish additional factors that must be considered in setting a reasonable rate. These factors include, in relevant part:

> (1) the time and labor required . . .; (2) the novelty and difficulty of the questions presented; (3) the skill requisite . . .; . . . (5) the customary fee charged . . .; (6) any time limitations imposed by the client or the circumstances; . . . (8) the amount of money, or the value of the rights involved, and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the "undesirability" of the action; . . . (12) awards in similar actions . . . .

L.R. 54-293.

Previous actions have awarded law students rates of $50 and $60 per hour. In Valdez-Lopez v. Chertoff, a Northern District court found that $50 per hour is a reasonable rate for law students. No. C-05-04192, slip op. at 8 (N.D. Cal. July 16, 2007). Defendants also

cite <u>Mayweathers v. Terhune</u>, in which the King Hall Civil Rights Clinic's request of $60 per hour for law student work was granted. No. C-96-1582, slip op. (E.D. Cal. Nov. 19, 2004).  However, that case involved "work done until October 14, 2001" and it is reasonable to assume law student work performed in 2007 should be compensated at a higher rate.  <u>Id.</u> at 2.  While specialized skills were not necessarily required in this action, other factors justify awarding a rate higher than $60 per hour for law student work.

   Plaintiff submits a declaration from the Sacramento office of the law firm Downey Brand, LLP in support of his position that the market rate is $120, in which the declarant declares the law firm bills its clients "at the rate of $120 per hour for both first and second-year law students."  (Pl.'s Exs. 19:4-9 (Mills Decl.).) Plaintiff also relies on <u>Hoirup v. Prof'l Eng'rs in Cal.</u>, 2006 WL 2791158, at *5 (E.D. Cal. Sept. 27, 2006), where the prevailing rate for legal assistants was found to be $110 per hour.  Even if the lower rate that Defendants proffer is used, certain <u>Kerr</u> factors favor a higher rate in this case.  Counsel representing Plaintiff in this action were not only faced with the undesirable task of representing a prisoner, the attorney and law students entered the case at the request of Plaintiff in the middle of a jury trial, and had little time to prepare for the balance of the trial.  See <u>Oberfelder v. City of Petaluma</u>, 2002 WL 472308, at *11 (N.D. Cal. Jan. 29, 2002) (discussing the undesirability of representing a prisoner who challenges "the actions and judgment of a law enforcement official"). The time limitations imposed by the trial situation appeared to make the circumstances attended to the representation of Plaintiff extremely difficult.  Further, the issues involved in the trial were

1 difficult because Plaintiff was required to show that Defendants'
2 actions represented cruel and unusual punishment, a high burden to
3 meet.  Nevertheless, Plaintiff not only prevailed on the merits but
4 also obtained a notably large punitive damage award.  Considering the
5 relevant Kerr factors, $110 per hour is a reasonable rate for law
6 student work in this case.

V.   Portion of Judgment Applied to Satisfy Attorney's Fee Award

Defendants argue 42 U.S.C. § 1997e ("§ 1997e") prescribes that Plaintiff is responsible for payment of twenty-five percent of his attorney's fees. (Opp'n at 14:23-27 (citing Johnson v. Daley, 339 F.3d 582, 585 (7th Cir. 2003)).)  Plaintiff rejoins that § 1997e gives "courts discretion to set the percentage at less than the maximum amount" and that the "Court should require Plaintiff to pay only a very small, if not a nominal . . . amount toward the attorney's fees in this case" because the "jury has awarded punitive damages." (Reply at 8:22-26, 10:11-13, 9:13-14.)

Section 1997e(d)(2) prescribes: "[w]henever a monetary judgment is awarded in an action [such as this], **a portion** of the judgment (**not to exceed 25 percent**) shall be applied to satisfy the amount of attorney's fee awarded against the defendants."  "Although the allocation is mandatory, the percentage to be allocated to attorney's fees is within the discretion of the court." Livingston v. Lee, 2007 WL 4440933, at *2 (N.D.N.Y. Dec. 17, 2007).  In this case there are two types of damages awarded: nominal and punitive damages. "[T]he purpose of a punitive damage award is to punish the defendant" and the "purpose of § 1997e(d)(2) . . . is to compel the prisoner to bear some of the burden of the cost of litigation.  Balancing these countervailing policy considerations," it is appropriate to allocate

"25 percent of the [nominal] damages awarded . . . ." Id. This offset is appropriate given that this action "involves a significant violation of the Plaintiff's rights[ and] the jury's clear signal that Defendants should be punished." Morrison v. Davis, 88 F. Supp. 2d 799, 811 (S.D. Ohio 2000) (applying $1.00 of $15,000 judgment as offset). Accordingly, $2.75 or twenty-five percent of the $11.00 nominal damages award shall be applied to satisfy the amount of attorneys' fees awarded against Defendants.

## CONCLUSION

Accordingly, Plaintiff's counsel is awarded fees and costs of $23,875.55 based on this Order and documentation submitted in support of the Motion.[3] The fee award is allocated as follows: (a) $2.75 to be paid from the judgment award to Plaintiff, and (b) $23,872.80 to be paid by Defendants Vance, Pliler, Goughnour, Willey, Walker, and Knowles, jointly and severally.[4]

IT IS SO ORDERED.

Dated: March 11, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3] This award is based on the following calculation:

| | | | |
|---|---|---|---:|
| Carter White | 99.5 | @ $169.50 per hour | $16,865.25 |
| Erin Haney | 32.15 | @ $110 per hour | $3,536.50 |
| Nagmeh Shariatmadar | 30.55 | @ $110 per hour | $3,360.50 |
| Case expenses | | | $113.30 |
| Total | | | $23,875.55 |

[4] Michael Martel was a defendant at trial, but Plaintiff withdrew his request for jury questions regarding his conduct.

9