IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LYNN NORWOOD,

    Plaintiff,     No. CIV S-03-2554 GEB GGH P

  vs.

STEVE J. VANCE, et al.,

    Defendants.     FINDINGS and RECOMMENDATIONS

_____/

        This civil rights action was closed on February 25, 2010 when this court entered judgment. On April 29, 2011, plaintiff moved for relief from the judgment (Doc. No. 197) and for augmentation of the record (Doc. No. 199).[1] On October 13, 2011, plaintiff moved for an evidentiary hearing and for an investigator. (Doc. No. 212) After carefully considering the record, the undersigned recommends that the motions be denied.

        Background

        This is a civil rights action, filed pro se by a California state prisoner, who alleged that he was deprived of all physical exercise, 24 hours a day, 7 days a week, during four lockdown periods, in violation of the Eighth and Fourteenth Amendments. See, e.g., Doc. No. 103, p. 2.

---

[1] Plaintiff's motions for appointment of counsel, filed on April 29, 2011 (Doc. No. 198) and June 13, 2011 (Doc. No. 210), were denied by this court in a prior order filed July 14, 2011.

1

1  On March 30, 2007, the court denied defendants' motion for summary judgment, finding, among other things, that defendants were not entitled to qualified immunity because they failed to establish that the emergencies which justified the initial decisions to lockdown the prisons continued to exist for the entire lockdown periods. See Doc. No. 103, p. 43 ("While it is clear that investigations had to be conducted, the record contains no specific evidence regarding how and when it was determined that it was safe to release African American inmates to the exercise yards.")

On October 31, 2007, the matter proceeded to a jury trial before District Judge Garland E. Burrell, with plaintiff appearing pro se. On November 1, 2007, plaintiff examined, among other witnesses, defendant Cheryl Pliler. See ECF No. 146. On November 1, 2007, plaintiff moved to dismiss two defendants, including defendant Pliler. At that point, Judge Burrell appointed counsel for plaintiff, finding that exceptional circumstances existed to do so because

> Plaintiff showed a likelihood of success on the merits and was likely to have a difficult time understanding the nuances of the deliberate indifference standard applicable to his claims and articulating the evidence supporting the elements of that doctrine without the assistance of counsel.

See Doc. No. 155, p. 2 at 7-10.

On November 8, 2007, the jury returned a verdict in favor of plaintiff, awarding him nominal and punitive damages. See Doc. No. 152. Defendants appealed the judgment to the Ninth Circuit Court of Appeals. See Doc. No. 185.

On July 9, 2009, the Court of Appeals reversed the jury's verdict, finding that defendants were entitled to qualified immunity. See Doc. No. 190, 191 (Amended Opinion filed January 8, 2010; Norwood v. Vance, 591 F.3d 1062 (9th Cir. 2010)). Consistent with the Court of Appeal's direction, this court entered judgment in favor of defendants on February 25, 2010. See Doc. No. 195.

\\\\

1    On February 22, 2011, the Supreme Court denied plaintiff's petition for writ of
2 certiorari. See Doc. No. 197, p. 1.
3    On April 29, 2011, plaintiff moved for relief from the judgment (Doc. No. 197)
4 and also moved to augment the record (Doc. No. 199). On October 13, 2011, plaintiff moved for
5 an evidentiary hearing and an investigator (Doc. No. 212).

Motion for Relief from Judgement

7    Plaintiff moves pursuant to Federal Rule of Civil Procedure 60 for relief from the
8 judgment entered by the Court of Appeals for the Ninth Circuit on January 7, 2010. Plaintiff
9 alleges that jurisdiction is appropriate as the United States Supreme Court denied his petition for
10 writ of certiorari on February 22, 2011.

*Missing Testimony*

12    Plaintiff first argues that portions of his direct examination of defendant Cheryl
13 Pliler do not appear in the trial transcript. See Doc. No. 197, p. 1. According to plaintiff, at the
14 trial, "what was hotly in dispute was whether the lockdowns were continued because of on-going
15 violence or as a means to punish and retaliate against inmates for staff assaults." See Doc. No.
16 197, p. 2. Plaintiff alleges that, in her missing testimony, defendant Pliler testified that: (1) she
17 did not personally witness any of the acts of violence to which she had testified; (2) during 2002
18 and 2003, some of defendant Pliler's staff members were sent to prison for falsifying charges
19 against inmates; (3) some of defendant Pliler's staff were demoted for falsifying charges against
20 inmates during the lockdowns; (4) some of defendant Pliler's staff were reprimanded for "being
21 involved in a collective conspiracy to falsify charges against inmates during the lockdowns"; and
22 (5) a great number of defendant Pliler's staff were allowed to rewrite reports that they had
23 initially made which falsified charges against inmates during the lockdowns. See Doc. No. 197,
24 pp. 2-3; Doc. No. 199, pp. 1-2.

25    Plaintiff argues that the absence "created a dispute as to the Ninth Circuit's
26 analysis in which their ruling was based. And the deletion or omission could have been achieved

by fraud or deceit." Doc. No. 197, p. 1. Plaintiff alleges that he advised his trial counsel of the omission (counsel having been appointed during the trial, and after plaintiff's examination of defendant Pliler), but that "[w]ithout the transcription, counsel was unable to dispute that the lockdowns continued based on falsified reports, rather than ongoing violence. Appeal counsel also failed to request augmentation of the trial record." Id. at 4.

Plaintiff does not identify the subsection of Rule 60(b) under which he seeks relief. However, based on his arguments, he appears to be moving under either Rule 60(b)(1) ("mistake, inadvertence, surprise or excusable neglect"), or (b)(3) ("fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party").

Any motion made under (b)(1) or (b)(3) would have to be made within a year of entry of the judgment. Fed. R. Civ. Proc. 60(c)(1). In this case, plaintiff's motion was filed more than fourteen months after entry of this court's judgment, and he is not entitled to toll the time of his pending appeals. See Nevitt v. U.S., 886 F.2d 1187, 1188 (pendency of appeal does not toll one year time limit for Rule 60(b) motions). The motion is untimely as to any claims for relief under Rule 60(b)(1) or (b)(3), and should be denied.

Even if the motion were timely, plaintiff has failed to establish that he is entitled to relief because he failed to supplement the record before the Court of Appeals, as he is authorized to do under Federal Rule of Appellate Procedure 10. A party may not seek a new trial simply on the ground that matters that occurred in the trial court are not reflected in the transcript. In re Ashley, 903 F.2d 599, 606 (9th Cir. 1990) (district court correctly denied motion for new trial where movant failed to supplement record as allowed under Fed. R. App. Proc. 10).

*Intervening Change in the Law*

Plaintiff additionally argues that the Supreme Court's decision in Ortiz v. Jordan, 131 S. Ct. 884 (2011), "significantly modifies the Ninth Circuit's judgment." See Doc. No. 197, p. 6. Plaintiff does not offer any additional argument or analysis to assist the court in understanding the basis for his application; however, based on his arguments, he appears to be

4

moving for relief under Rule 60(b)(6).

Relief under Rule 60(b)(6) is not limited to applications made within one year. Instead, it has been used sparingly as an equitable remedy to prevent manifest injustice. "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993) (moving party must be able to show both injury and that circumstances beyond its control prevented timely action to protect its interests). Plaintiff appears to be arguing that a change in the law, as embodied by Ortiz, constitutes the requisite extraordinary circumstance. As an initial matter, though, "a change in the law will not *always* provide the truly extraordinary circumstances necessary to reopen a case." See Phelps v. Alamedia, 569 F.3d 1120, 1133 (9th Cir. 2009) (internal quotation marks and citation omitted). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including competing policies of finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Id. (internal quotation marks and citation omitted).

In this case, however, plaintiff was not prevented from taking "timely action to prevent or correct an erroneous judgement." The court has reviewed the plaintiff's Reply Brief, filed with the Supreme Court in support of plaintiff's petition for writ of certiorari. In the Reply, which was filed after the Ortiz decision was filed, plaintiff argues that the Ortiz decision mandates reversal of the Court of Appeals' decision. See Norwood v. Vance, Docket No. 09-1215, "Reply Brief for the Petitioner," p. 2 (available at 2011 U.S. S. Ct. Briefs LEXIS 574), Feb. 15, 2011. The Supreme Court therefore had an opportunity to review plaintiff's case in light of its then-recent decision in Ortiz, and declined review. Accordingly, plaintiff's motion for relief under Rule 60(b)(6) should be denied, because plaintiff had a full opportunity to make his Ortiz arguments, and did so, during his regular appeals process, and there is no basis to find that extraordinary circumstances warrant re-opening to allow re-litigation of claims already presented

1 and rejected.  See United States v. Alpine Land & Reservoir Co., 984 F.2d at 1049.

2    Morever, Ortiz did not find the additional critical issue of "waived the waiver"
3 which was present in plaintiff's case.  Ortiz held that a qualified immunity judgment denied at
4 summary judgment, and not appealed before trial, could not be raised on appeal.  Unless the party
5 claiming immunity had raised the issue at trial and, if necessary, further with a Fed. R. Civ. P.
6 50(b) motion, the issue of qualified immunity was unreviewable.  The Supreme Court found that
7 the plaintiff in Ortiz had not waived any argument concerning the unreviewability of the
8 qualified immunity issue.

9    The procedural context of Ortiz was fairly similar to plaintiff's herein, *except* on
10 appeal, plaintiff ignored the procedural error (defendant's initial waiver), and briefed the issue of
11 qualified immunity on the merits.  Despite the fact that the majority expressly agreed that the
12 defendants had probably waived the qualified immunity adverse finding, the majority held that
13 plaintiff had "waived the waiver" to have the issue reviewed on appeal, and therefore the
14 majority could reach the merits of qualified immunity.  See Norwood v. Vance, 591 F.3d at 1068.
15 This ruling of "waived the waiver" is law of the case, and nothing in Ortiz commands the result
16 that the Ninth's Circuit's waiver ruling was incorrect.  It is not surprising that the Supreme Court
17 in plaintiff's case did not remand in light of Ortiz.

18    Motion to Augment the Record

19    Plaintiff does not identify the authority for his motion to augment the record.  The
20 undersigned's own research reflects that Federal Rule of Appellate Procedure 10(c) authorizes a
21 party to prepare a statement of the evidence or proceedings from the best available means when a
22 transcript is unavailable.  The rule further reads that, after the statement is settled and approved
23 by the district court, it "must be included by the district court in the record on appeal."  See Fed.
24 R. App. Proc. 10(c).

25    Federal Rule of Appellate Procedure 10(e) additionally authorizes certification of
26 a supplemental record when "anything material to either party is omitted from or misstated in the

record by error or accident." See Fed. R. App. Proc. 10(e).  The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects that proceedings in the trial court, not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment.  See United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir.), cert. denied, 481 U.S. 1041, 107 S. Ct. 1981 (1987).

Though not explicit, the undersigned reads the rules to contemplate that any supplemental statement be prepared by the parties *prior* to completion of an appeal.  In this case, plaintiff has waited until after completion of his appeal at the court of appeals, and also denial of his petition for writ of certiorari by the United States Supreme Court, before alleging that material testimony given by a defendant has been omitted from the trial transcript.  The undersigned accordingly recommends that the motion be denied as untimely.

<u>Motion for Evidentiary Hearing and Appointment of an Investigator</u>

Plaintiff moves for an evidentiary hearing to establish the credibility of those persons who were in court on the day of defendant Pliler's allegedly missing testimony, and also seeks an investigator to speak with jurors and other courtroom participants.  In light of the court's rulings on plaintiff's two other motions, infra, this motion is denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion for relief from judgment (Doc. No. 197) be denied.
2. The motion to augment the record (Doc. No. 199) be denied.
3. The motion for an evidentiary hearing and for appointment of an investigator (Doc. No. 212) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1. shall be served and filed within fourteen days after service of the objections. The parties are
2. advised that failure to file objections within the specified time may waive the right to appeal the
3. District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4. DATED: December 15, 2011

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH:rb
norw2554.fr